**Julia Leigh CRAWFORD,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 78–1239.

United States Court of Appeals,
Fifth Circuit.

Jan. 18, 1980.

J. R. Brooks, U. S. Atty., Birmingham, Ala., Ronald R. Glancz, Dept. of Justice, Civ. Div., Appellate Section, Washington, D. C., for defendant-appellant.

Harris, Harris, Shinn & Harris, Norman W. Harris, Gary A. Phillips, Decatur, Ala., for plaintiff-appellee.

Before VANCE, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

AFFIRMED on the basis of the Memorandum of Opinion of the district court dated October 12, 1977, attached hereto as an appendix.

AFFIRMED.

A P P E N D I X

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Northeastern Division

| | | |
|---|---|---|
| JULIA LEIGH CRAWFORD, | ) | |
| Plaintiff, | ) | |
| —vs.— | ) | NO. CA 77–P–0304–NE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

POINTER, District Judge.

This cause arises upon cross summary judgment motions of plaintiff Julia Leigh Crawford and defendant United States of America. At the pre-trial conference held on September 1, 1977 in Huntsville, Alabama, counsel for the parties agreed for the court to decide the merits of the case based on briefs submitted by both parties in conjunction with these summary judgment motions.

The facts of this case are undisputed. Plaintiff's husband, William S. Crawford, was employed by the United States Postal Service, with some interruption in service during war-time, from 1924 to 1953. In 1953, at age 46, Mr. Crawford voluntarily separated from his postal service position.

At that time he became entitled to a deferred annuity, such annuity reflecting a Civilian Service Credit time of 28 years and 16 days.

Under the deferred annuity plan effective in 1953, Mr. Crawford was entitled to receive his annuity when he reached 62 years of age. On August 12, 1968, approximately one month before he reached 62 years of age, Mr. Crawford filed an application for his deferred annuity; on the application he indicated that he was choosing, as his type annuity received, a reduced annuity with survivor benefit for his wife.[1]

Mr. Crawford began receiving his annuity when he reached 62 years of age and at the time of his death in 1976 was receiving an annuity of $343.00 per month. Upon his death, Mrs. Crawford applied with the Civil Service Commission's Bureau of Retirement, Insurance, and Occupational Health (BRIOH) for her survivor annuity to which she believed she was entitled due to her husband's 1968 election. After numerous letters exchanged between BRIOH and plaintiff's attorney, Mrs. Crawford was informed she was ineligible to receive any survivor benefits because there was no provision for payment of such annuities to the spouses of deferred annuitants[2] under the applicable provisions of the Civil Service Retirement Law in effect at the time of Mr. Crawford's separation from service in 1953.

In order to determine whether Mrs. Crawford is entitled to receive a survivor annuity, the court must decide whether Mr. Crawford's eligibility for benefits was governed by laws in force at the time he separated from service in 1953, the 1956 Amendments to those laws, or laws in force in 1968 when Mr. Crawford actually applied for his retirement annuity benefits.

■ The parties have agreed that Mr. Crawford was not entitled before 1956 to elect a survivor annuity. In 1956 Congress first provided for a survivor annuity election for those entitled to deferred annuities.[3] This court concludes that the 1956 Amendments to the Civil Service Retirement Laws have no effect on Mr. Crawford's eligibility for election of a survivor annuity because they had prospective application only[4] and Mr. Crawford separated from service before the 1956 Act.

■ In 1966 Congress again amended the Civil Service Retirement Laws. These amendments were a comprehensive codification of laws relating to the organization of the government of the United States and its civilian officers and employees. Under the terms of the 1966 Act, if an employee

1. Mr. Crawford also indicated in an August 12, 1968 letter to the Civil Service Commission Bureau of Retirement, Insurance, and Occupational Health (hereinafter BRIOH) that it was his understanding he could elect an annuity which provided for survivor benefits to his wife upon his death.

2. There is some dispute over whether in 1968 Mr. Crawford received a letter from BRIOH which indicated he was ineligible to elect an annuity which provided for survivor benefits. This court concludes that whether this letter was received by Mr. Crawford is immaterial to the issues of this case. Whether Mr. Crawford was entitled to elect a survivor annuity is a question of law; if the law does not so provide, Mr. Crawford's belief that he was so entitled does not create any right in his surviving spouse; if the law does so provide, receipt of a BRIOH letter indicating he was ineligible for such an election would not deprive him of that right.

3. Section 401 of The Federal Executive Pay Act of 1956, Public Law 84–854, 70 Stat. 736 et seq., July 31, 1956, amended the Civil Service

Retirement Act of 1930. Section 8(a) of Section 401 provided that "[a]ny employee who is separated from service . . . after completing five years of civilian service may be paid an annuity beginning at the age of sixty-two computed as provided in Section 9."

Then Section 9(g) of Section 401 provided that "[a]ny employee * * * retiring under section . . . 8 may at time of retirement elect a reduced annuity . . . and designate in writing his wife . . . to receive an annuity after the retired individual's death."

4. The terms of the 1956 Act specified that the amendments made by the Act would not apply in the "case of employees . . . retired, or otherwise separated prior" to the Act's 1956 effective date. The Act stated further that the rights of "such persons and their survivors [would] continue in the same manner and to the same extent as if [the] title had not been enacted." § 403 Public Law 84–854, 70 Stat. 736 et seq., July 31, 1956.

died after having "retired" under the Act and was survived by a spouse to whom he was married at the time of retirement, he was entitled to an annuity for his spouse unless the employee notified the Commission in writing at the time of retirement that he did not desire his spouse to receive this annuity.[5] Thus, unlike the 1956 Act terms, such a survivor annuity was automatic unless otherwise specified by the employee. The court concludes that the "retired" provision used in this survivor annuity section of the 1966 Act, 5 U.S.C. § 8341(b), in the context of one who has been earlier *separated* from service, must have reference to the day one is first entitled to receive an annuity.[6] Mr. Crawford became entitled to receive an annuity in 1968, not before, since he did not reach the qualifying age of 62 until that year. Thus, the court concludes that Mr. Crawford's eligibility for benefits was governed by the terms of the 1966 Act, the law in effect when he applied for retirement; under the 1966 law he was automatically entitled to have a survivor annuity unless he indicated otherwise to the Commission. Mr. Crawford took no steps to indicate he did not want a survivor annuity for his wife. To the contrary, he took reasonable steps to insure that his wife *would* be protected by such an annuity, as evidenced by his survivor annuity election on his 1968 retirement application and his August 12, 1968 letter to BRIOH indicating his desire to elect a survivor annuity.

Thus, having made no indication that he did not desire his wife to have a survivor

---

5. 5 U.S.C. § 8341(b) provides:
   "(b) If an employee . . . dies after having retired under this subchapter and is survived by a spouse to whom he was married at the time of retirement, the spouse is entitled to an annuity . . . unless the employee . . . has notified the Commission in writing at the time of retirement that he does not desire his spouse to receive an annuity. The annuity of the spouse commences on the day after the retired employee . . . dies."

6. Shortly before Mr. Crawford reached 62 years of age he completed in 1968 the standard civil service form 2801 entitled "Application for Retirement Civil Service Retirement System." The court acknowledges that the form Mr. Crawford used was probably an incorrect one as the form specified that its use was for employees separated from Federal service *on* or *after* October 11, 1962; Mr. Crawford separated from service in 1953. Nevertheless, the court concludes that this form does support the view that retirement would not occur until eligibility for an immediate annuity, the form specifying that if the employee *separated* from service *before* October 11, 1962 he was to obtain the proper "Application for Retirement" from the BRIOH. The assumption clearly was that retirement did not commence until receipt of the annuity.

   *See Schellfeffer v. U. S.*, 343 F.2d 936, 170 Ct.Cl. 178 (1965). In *Schellfeffer* plaintiff, a civil service annuitant, asked for greater retirement benefits. Plaintiff voluntarily resigned from her government job in 1953, and her retirement rights were governed by the Civil Service Retirement Act of May 29, 1930, 46 Stat. 468, as amended, under which she could receive her annuity when she reached 62. She reached this age in 1960 and began receiving benefits on August 1, 1960. Plaintiff claimed she was entitled to the increase granted federal annuitants in Public Law 85–465, 72 Stat. 218, enacted on June 25, 1958, a statute which became law before plaintiff attained 62 years of age.

   Under the 1958 Act, the annuity of each "retired" employee who, on August 1, 1958, [was] receiving or entitled to receive an annuity based on service which terminated prior to October 1, 1956 [was] increased by 10 per cent. Plaintiff claimed that in 1958 she was already a "retired" employee because she had left federal service in 1953, that she was "entitled to receive an annuity" because her right to a deferred annuity at 62 was fixed by the 1930 Retirement Act, and that her service had admittedly "terminated prior to October 1, 1956."

   The Court of Claims concluded that based on Congressional purpose, which was to only allow such increases for those annuitants already on the rolls, "retirement" came when an individual was ready for an immediate annuity, not before, and that when plaintiff voluntarily separated from government service in 1953 she was "simply a former federal employee who had resigned from the Government but who had not yet retired—in the sense in which that concept has been used in the federal service." *Id.* 343 F.2d at 941.

   The court said further that "even apart from the legislative history, we think it is the meaning Congress intended. If plaintiff were right, every person who resigned from the service after five years (the minimum time for entitlement to a deferred annuity) would be a 'retired [federal] employee' even though he had just begun his working life and thereafter labored for many years in some private capacity." *Id.*

annuity, Mr. Crawford was entitled to a survivor annuity for his wife under the terms of the 1966 Act, 5 U.S.C. § 8341(b), unless this court concludes that the 1966 Act was to have only prospective application and did not apply to those *separated* from service before the 1966 Act.

This 1966 Act replaced many terms of and yet codified other terms of the 1956 Act, the Act which this court concluded has no application to this case because it was only to be prospectively applied. One provision of the 1956 Act which was expressly repealed[7] by the 1966 Act was § 403, the section which made the 1956 Act prospective only. Thus, the court concludes that it is not bound by the 1956 Act section on prospective application because it was expressly repealed by the 1966 Act, the Act which governs Mr. Crawford's eligibility for retirement benefits.

The 1966 Act did, however, include a section which dealt with prospective application of the Act. Section 8(a) of Public Law 89–554, 80 Stat. 378, approved September 6, 1966, was the repealer section of the Act and provided that "[t]he laws specified in the following schedule are repealed except with respect to the rights and duties that matured . . . before the effective date of the Act and except as provided by Section 7 of the Act." The only part of Section 7 which is arguably applicable here is Section 7(f) which provided that "[t]he enactment of the Act does not increase or decrease the . . . annuity of any person."

The court finds that under Section 8(a) Mr. Crawford's rights had not matured prior to the 1966 Act because he was not entitled to receive his annuity until he reached 62 years of age, and he reached this age two years after passage of 1966 Act.

The court further finds that allowing Mr. Crawford to elect a survivor annuity in 1968, as was provided for in the 1966 Act, does not violate the Section 7(f) prohibition on increases or decreases in the amount of an annuity received. By electing a survivor annuity, Mr. Crawford simply chose to have his lifetime benefits reduced in order to provide for his wife after his death. Such an election does not increase or decrease the overall amount of benefits received by him or his wife.[8]

In summary the court concludes that, there being no applicable prospective-only language in the 1966 Act, plaintiff Crawford is entitled, under the terms of the 1966 Act, to the survivor annuity elected by her husband when he retired in 1968. Accordingly, there being no genuine issue of material fact, plaintiff is entitled to summary judgment as a matter of law.

Plaintiff has indicated that if, in fact, overpayments were made to her husband on his lifetime annuities, she is willing for such overpayments to be credited on the amount due her. This court orders the government to calculate such overpayment, if any, without interest, and credit this amount on sums due plaintiff.

Judgment shall be entered by separate order.

Done this the 12th day of October, 1977.

---

**7.** § 8 of Public Law 89–554, 80 Stat. 378, approved Sept. 6, 1966, was the repealer section.

**8.** To support this conclusion the court relies on the Senate Report on the Federal Executive Pay Act of 1956, the Act which first provided for the survivor annuity election for deferred annuities. The Senate Report No. 2642, July 18, 1956, stated in reference to this survivor election provision:

> Section 9(f): At the present time only an employee retiring on immediate annuity can

elect a joint survivorship annuity. The bill extends this right to employees receiving deferred annuities. It was felt that since employees entitled to deferred annuities contributed to the retirement fund at the same rate as other annuities, and since they receive annuities computed in precisely the same manner as other annuitants, they should be entitled to provide the same protection to their survivors as other annuitants.