**Roxie P. JONES, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Civil Service Commission, Defendant-Appellee.**

No. 79–1083.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 6, 1981.

Decided May 21, 1982.

R. Stephens Morrison, Chicago, Ill., for plaintiff-appellant.

Canella E. Henrichs, Asst. U. S. Atty., Frederick H. Branding, Asst. U. S. Atty., Chief, Civ. Div., Dan K. Webb, U. S. Atty., Chicago, Ill., for defendant-appellee.

Before SWYGERT and FAIRCHILD, Senior Circuit Judges, and SPRECHER,* Circuit Judge.

---

* Judge Sprecher heard oral argument and participated in the conference which followed. He died May 15, 1982 and did not participate in the preparation or approval of this opinion.

FAIRCHILD, Senior Circuit Judge.

Plaintiff sued the United States for payment of Civil Service Retirement benefits. On cross motions for summary judgment, the district court entered judgment for the United States. Plaintiff appealed. We reverse.

Roy Jones, deceased husband of plaintiff, was an employee of the Postal Service and on September 16, 1966, applied for retirement. Roy Jones and Roxie Jones were married October 6, 1966. Roy Jones' retirement became effective the following day, October 7, 1966. After Roy Jones died in 1974, plaintiff filed a claim with the Civil Service Commission for a survivor's annuity. Her claim was rejected by the Bureau of Retirement, Insurance and Occupational Health, and, on appeal, by the Appeals Review Board. The denial was upheld by the district court.

The controlling statute in this case is 5 U.S.C. § 8341(b) which, at the time of Roy Jones' retirement, provided in pertinent part:

> If an employee or Member dies after having retired under this subchapter and is survived by a spouse to whom he was married at the time of retirement, the spouse is entitled to an annuity ... unless the employee or Member has notified the Commission in writing at the time of retirement that he does not desire his spouse to receive this annuity. The annuity of the spouse commences on the day after the retired employee or Member dies.[1]

Plaintiff Roxie Jones was married to Roy "at the time of retirement" and was thus entitled to an annuity after his death unless Roy, at the time of retirement, notified the Commission in writing that he did not desire her to receive the annuity. Roy gave

no express written notice in terms of the statute. The Government's defense is, in substance, that there was constructive or implied notice sufficient under the circumstances. The district court agreed.

The applicable Regulation permitted an employee to file his application for an annuity "within 30 days before, on, or at any time after he reaches the requisite retirement age." 5 C.F.R. § 831.501, (revised as of January 1, 1964). Jones applied some three weeks before retirement. He was then unmarried. There is nothing to show whether at the date of application he had already planned his marriage. Neither does it appear that his employer or the Commission knew until after his death that he did marry on October 6 and was "married at the time of retirement."

The Civil Service Commission had created Standard Form No. 2801 to enable a government worker to apply for retirement. The only portion of the form (reproduced as an Appendix to this opinion) which calls for the choice regarding survivor's annuity provided by 5 U.S.C. § 8341(b) is labeled "F. Types of Annuity: Married Applicants Only." Part 1 of F. reads in part: "If you are married, you will receive this type of annuity [Annuity with survivor benefit to widow or widower, a reduced annuity for the employee] unless you choose the annuity in F.2." Part 2 of F. has a space for initialling a statement using the terms prescribed by § 8341(b), "(I do not desire my wife (or husband) to receive a survivor annuity benefit after my death.)"

The portion in which Roy Jones placed his initials is labeled "G. TYPES OF ANNUITY: UNMARRIED APPLICANTS ONLY (Including Widowed and Divorced)." G. provided a choice between 1. "ANNUITY WITHOUT SURVIVOR BENEFIT," and 2. "ANNUITY WITH SURVIVOR BENEFIT TO NAMED PERSON

---

[1] The current statute is similar but also extends the same survivor's annuity benefit to a person who marries the employee or Member after retirement, again in the absence of written notice at the time of retirement that the employee does not desire "any" spouse to receive his annuity. 5 U.S.C. § 8341(b)(1). Eligibility for benefits is determined by the statute in force at the time of the employee's retirement. *Crawford v. United States*, 609 F.2d 1185, 1188 (5th Cir. 1980).

HAVING AN INSURABLE INTEREST." Jones initialed 1. Plaintiff had no insurable interest at that date. Thus his failure to initial G.2., naming her, should not be deemed an election to exclude her if she became his spouse.

The form contains no provision for indicating the intent, as to a possible spouse's survivor benefits, of an unmarried applicant who applies before retirement.

Where a spouse is entitled to a survivorship annuity, the annuity paid the retired employee is smaller. Jones received unreduced retirement benefits until his death in 1974. Thus he received what he should have received if he had given the appropriate written notice.

The Government points out that Jones could have delayed in applying until after his marriage, and argues that by making his application before marriage he rejected survivor benefits for a spouse. The Regulations would have permitted him to change his choice of option before final adjudication of his claim, a period of about two months. 5 C.F.R. § 831.601. The Government argues that his failure to do so constituted notice to the Commission that he did not desire to provide a survivor benefit to his wife. The district court agreed. As already stated, Jones accepted a greater annuity than he would have been entitled to if his wife were deemed entitled to a survivor's annuity.

It is true that Jones could have done these things, and that he received a greater amount of money than if he had done them. Whatever one's view of the equities between Jones and the Government, we think that plaintiff spouse is entitled to a literal application of the statute.

Although Congress permits a married employee to eliminate his spouse's entitlement to an annuity as a survivor, and thereby obtain a larger annuity during the employee's lifetime, it has prescribed a particular and unequivocal procedure for accomplishing this result.

The present law providing automatic survivor annuity rights to the spouse in the absence of written notice to the contrary was a deliberate change from earlier law. Before 1962, the employee was to receive the unreduced annuity unless he affirmatively elected the reduced annuity and designated his spouse. Public Law 854, July 31, 1956, 70 Stat. 753, Sec. 9(g).

In 1962, the matter was changed so that the employee receives the reduced annuity and his spouse becomes entitled to a survivor's annuity unless the retiree gives written notice to the contrary. The change was part of the Postal Service and Federal Employees Salary Act of 1962, which amended § 10(a)(1) of the Civil Service Retirement Act so as to read substantially as did 5 U.S.C. § 8341(b) at the time of Roy Jones' retirement. Public Law 87–793, Sec. 1103(b), approved October 11, 1962, 76 Stat. 870. The reversal of the procedure was mentioned several times in the legislative history set out in U.S.Code Cong. & Ad. News, 87th Cong., 2d Sess., [1962] vol. 2, pp. 3034ff, e.g. at 3083. The change was clearly brought to Congressional attention.

From Jones' failure to do some of the things the Government now suggests, the Government would have us infer an election preventing his wife's entitlement. We think there is strong statutory policy against cutting off her rights other than by the written notice prescribed.

Plaintiff concedes that there should be an adjustment in favor of the Government representing over-payments received by Roy Jones during his life. We leave the terms of the adjustment to the consideration of the district court on remand unless the parties can agree.

The judgment of the district court is reversed and the cause remanded for the determination of the amount of benefits due plaintiff and entry of judgment for the plaintiff in accordance with this opinion.

Reversed and Remanded.

# APPENDIX

INDICATE, BY SIGNING YOUR INITIAL' & APPROPRIATE BOX BELOW, THE TYPE OF ANNUITY YC ' TO RECEIVE. READ THE EXPLANATIONS AND CONSIDER THE MATTER CAREFULLY. I NGE WILL BE PERMITTED AFTER AN ANNUITY HAS I EEN &D. IF YOU WANT AN ANNUITY WITH A SUR- VIVOR BENEFIT, BE SURE TO SUPPLY THE OTHER INFORMATION CALLED FOR.

## F. TYPES OF ANNUITY: MARRIED APPLICANTS ONLY

**1.** [INITIALS] **ANNUITY WITH SURVIVOR BENEFIT TO WIDOW OR WIDOWER?**

SPECIFY THE PORTION OF YOUR ANNUITY YOU WANT USED AS THE BASE FOR YOUR WIDOW'S (OR WIDOWER'S) SURVIVOR ANNUITY.

> If you want all your annuity used as the base for the survivor benefit, write the word "all" in the box below. If you want only part of your annuity used as the base for the survivor benefit, write the yearly amount of your annuity you want used.

THE SURVIVOR'S ANNUITY WILL BE 55% OF ALL OR WHAT-EVER PORTION OF YOUR ANNUITY YOU SPECIFY AS THE BASE FOR HER (OR HIS) BENEFIT

- If you are married, you will receive this type of annuity unless you choose the annuity in F 2.
- ➤ The annuity payable to you during your lifetime will be reduced by 2½% of any amount up to $3,600 a year used as the base for the survivor benefit, plus 10% of any amount over $3,600 so used
- If you retire for total disability before age 60 and get a guaranteed minimum disability annuity, you may use all or any part of your "earned" annuity as the base for the survivor benefit. You cannot use any extra annuity which may be payable to make up the guaranteed minimum annuity.
- If your wife (or husband) should die before you, no change in type of annuity will be permitted, your annuity will not be increased, nor may you name any other person as survivor
- ➤ The survivor's annuity will begin upon your death and end when she (or he) dies or remarries.

**2.** [INITIALS] **ANNUITY WITHOUT SURVIVOR BENEFIT**

(I do not desire my wife (or husband) to receive a survivor annuity benefit after my death.

- ➤ If you choose this type, your wife (or husband) cannot be paid a survivor annuity after your death
- This type provides annuity payments to you only.

## G. TYPES OF ANNUITY: UNMARRIED APPLICANTS ONLY (Including Widowed and Divorced)

**1.** [INITIALS] **ANNUITY WITHOUT SURVIVOR BENEFIT**

- If you are not married, you will receive this type of annuity unless you choose the annuity in G. 2.
- This type provides annuity payments to you only

**2.** [INITIALS] **ANNUITY WITH SURVIVOR BENEFIT TO NAMED PERSON HAVING AN INSURABLE INTEREST**

SPECIFY THE NAME, RELATIONSHIP AND DATE OF BIRTH OF THE PERSON YOU WISH TO RECEIVE THE SURVIVOR ANNUITY

NAME OF PERSON (First, middle, last)

RELATIONSHIP | DATE OF BIRTH (Mo., day, yr.)

SEE UNMARRIED EMPLOYEES UNDER INFORMATION REGARDING SURVIVOR ANNUITIES ON THE ATTACHED INFORMATION SHEET FOR EXPLANATION OF REDUCTION IN YOUR ANNUITY

- This type is available to all retiring unmarried employees who are in good health
- It provides a reduced annuity to you and a survivor annuity to the person named as having an insurable interest
- The survivor's annuity will begin upon your death and end when she (or he) dies.
- The survivor's annuity will be 55% of the reduced annuity you receive.
- If you choose this type, you will have to undergo a medical examination which will be arranged by the Civil Service Commission at no cost to you.
- If the person named as having an insurable interest should die before you, no change in type of annuity will be permitted, your annuity will not be increased, nor may you name any other person as survivor.

## H. CERTIFICATION OF APPLICANT

WARNING.—Any intentional false statement in this application or willful misrepresentation relative thereto is a violation of the law punishable by a fine of not more than $10,000 or imprisonment of not more than 5 years, or both (18 U.S.C. 1001).

I hereby certify that all statements made in this application are true to the best of my knowledge and belief.

9-14-1966 _(DATE)_ _(SIGNATURE OF APPLICANT)_

## I. FOR USE OF EMPLOYING AGENCY (See FPM Supplement 831-1 for instructions.)

CHECK APPROPRIATE BOX;

[X] INDIVIDUAL RETIREMENT RECORD, SF 2806, AND REGISTER OF SEPARATIONS AND TRANSFERS, SF 2807, ARE ATTACHED

[ ] INDIVIDUAL RETIREMENT RECORD, SF 2806, WAS SENT TO U.S. CIVIL SERVICE COMMISSION ON _____ (DATE)
WITH REGISTER OF SEPARATIONS AND TRANSFERS, SF 2807, NO. _____

_(SIGNATURE)_

_(DATE)_

Retirement Accounts Assistant _(OFFICIAL TITLE)_

Postal Data Center-St. Louis, Mo. 63180 _(DEPARTMENT OR AGENCY)_ 12

OFFENSES BARRING ANNUITY PAYMENTS: Public Law 87-299 prohibits payment of annuity to persons who have committed a specified number of crimes involving the national security of the United States. Employing agencies are responsible for submitting all pertinent information to the Civil Service Commission's Bureau of Retirement and Insurance when this law possibly applies.