Lois J. GILMAN, Petitioner,

v.

OFFICE OF PERSONNEL MANAGE-MENT, Respondent.

No. 84–764.

United States Court of Appeals, Federal Circuit.

Sept. 12, 1984.

Nies, Circuit Judge, filed separate opinion concurring in part.

Pauline Newman, Circuit Judge, concurred in the result.

■■■■■■■■■■■■

Charles E. Stirman, Fort Collins, Colo., submitted for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Mary Mitchelson, Washington, D.C., submitted for respondent.

Murray Meeker, Washington, D.C., Office of Personnel Management of counsel.

Before RICH, NIES and NEWMAN, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the October 20, 1983, final decision of the Merit Systems Protection Board (MSPB) affirming the denial by the Office of Personnel Management (OPM) of petitioner's claim for civil service annuity benefits as a surviving spouse (MSPB Case No. DEO8318310237). No review by the full board was sought after the initial decision by the Presiding Official, which was allowed to become final on November 24, 1983.

### Background

Petitioner, Lois J. Gilman, alleges that she was entitled to survivor's benefits as the common law wife of the deceased civil service retiree annuitant, Forrest B. Gilman, to whom she was once officially married. Decedent and petitioner were divorced in 1975 but continued to live in the same house. Decedent stated on his retirement application in 1980 that he was "unmarried," and elected an annuity without survivor benefits. He died in 1981.

Upon Gilman's death, petitioner filed a claim with OPM. She was advised by OPM that Gilman's election did not provide for survivor benefits, and her claim was denied. On appeal to the MSPB, petitioner asserted that OPM's denial of benefits should be reversed on the alternative grounds: (1) that petitioner and Gilman had a common law marriage at the time he completed his retirement application, and thus his election was invalid as based on fraud or negligence; or (2) that the common law marriage commenced between the dates on which the application was completed and Gilman actually retired, and that the public policy against cutting off rights to retirement by a surviving spouse as set forth in *Jones v. United States*, 680 F.2d 1138 (7th Cir.1982), controls.

On the first ground, the MSPB found no evidence in the record to indicate that the "election was founded on negligence or fraud." Although petitioner's evidence tends to show the existence of a common law marriage, the MSPB found that Mr. Gilman "considered himself as not married." And, more importantly, even if the common law marriage existed, Gilman had made a legally valid and sufficient election which he communicated "to OPM by the prescribed process after the fact. 5 C.F.R. 831.601(a) and (c)."

In rejecting petitioner's second ground for reversal, the MSPB distinguished the factual situation in *Jones* from that in the instant case. The retiree in *Jones* had been unmarried at the time he completed his annuity election form but married before the date of his retirement. In the present case, petitioner's marital status remained constant from a time prior to Gilman's completion of the retirement application until after the date of his retirement. Thus, the public policy sought to be served by the decision in *Jones* is not in jeopardy here. The MSPB also noted that Mr. Gilman could have filed another election, to provide survivor benefits, but did not.

### OPINION

On this appeal, the government argues that this court lacks jurisdiction because petitioner is not granted a right of *judicial* appeal under 5 U.S.C. § 7703 as she is not, and never was, an "employee." The government also contends that petitioner's appeal was untimely filed in this court. Because we dismiss this appeal for want of jurisdiction on the first ground, we do not consider the timeliness issue.

By 28 U.S.C. § 1295(a)(9), upon which petitioner's brief relies, the Federal Circuit is granted "exclusive jurisdiction" over final orders or decisions of the MSPB "pursuant to sections 7703(b)(1) and 7703(d) of title 5." Section 7703(b)(1), the referenced section applicable here, merely prescribes the place and time within which a petition to review an MSPB final order or decision must be filed. This section is limited by § 7703(b)(2), which provides an alternative filing procedure for cases involving an issue of certain types of discrimination. *Ballentine v. MSPB*, 738 F.2d 1244 (Fed. Cir.1984). Neither 28 U.S.C. § 1295 nor 5 U.S.C. § 7703(b)(1) confers a right upon any class of petitioners to invoke this court's jurisdiction. The statutory function of § 1295(a)(9) is to give the *court* jurisdiction, *not* to give litigants a right to appeal to the court. Authorization to appeal must lie in some other section of the statute, such as § 7703(a), upon which petitioner also relies. That section may be invoked, however, only by an "employee or applicant for employment." For the purposes of Title 5 (unless otherwise specifically modified), an "employee," excluding certain other categories not relevant here, is "an individual who is—(1) appointed in the civil service...." 5 U.S.C. § 2105(a). Petitioner, merely on the basis of surviving a government employee, clearly fails to qualify as an employee.

We therefore hold that petitioner is not authorized by any statute to appeal *to this court* from adverse decisions of the MSPB, even though § 8347(d)(1) gives her the right to appeal to the MSPB from the OPM. Accordingly, petitioner's appeal must be dismissed.

Petitioner has referred to the "Review Rights" paragraphs at the end of the Presiding Official's opinion, the second of which might seem to indicate a right of appeal to this court in saying that an aggrieved appellant "may file a petition with" this court. Insofar as it *seems* to say that there is a right of appeal to this court, it is unfortunate, because such a right must be found in the statute, considering the facts of each case. It goes without saying that the MSPB cannot grant a right to judicial review. Some cases are appealable and some are not, but the same unduly broad advice seems to be volunteered in each MSPB opinion. In any event, a statement that "a petition" may be filed is not a statement that this court has jurisdiction to hear the case. It would seem to be advisable to at least suggest that not all petitioners have the right to judicial review.

For the foregoing reasons this appeal is *dismissed.*

DISMISSED.

PAULINE NEWMAN, Circuit Judge, concurs in the result.

NIES, Circuit Judge, concurring-in-part.

I join the majority opinion. However, since I believe the jurisdictional question can be resolved on a broader ground, I add the following alternative analysis.

The statute provides for civil service retirement benefits in 5 U.S.C. § 8331 *et seq.* The particular portion of the statute pertaining to the adjudication of claims is found in 5 U.S.C. § 8347 which provides in pertinent part:

§ 8347. Administration; regulations

(b) ... The Office shall adjudicate all claims under the subchapter.

\* \* \* \* \* \*

(d)(1) Subject to paragraph (2) of this subsection, an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board.

(2) In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title shall apply and the decision of the Board shall be subject to judicial review under section 7703 of this title.

In my view, a decision by the MSPB on a claim for benefits under section 8347(d)(1) is not reviewable by this court unless the claim comes within section 8347(d)(2). The latter is limited to cases of involuntary retirement for mental disability. Any other decision by the MSPB under 8347(d)(1) is not appealable. An interpretation of the statute allowing other decisions of the MSPB on claims to be appealable would effectively render 8347(d)(2) meaningless. This analysis appears in *Lindahl v. OPM*, 718 F.2d 391, 399 (Fed.Cir.1983).

As in *Lindahl*, this case is based on a voluntary disability retirement claim. The only difference between the two cases is that, in the present case, a survivor seeks benefits, while in *Lindahl*, the claimant was the former employee. I see no basis whatsoever for distinguishing the two situations. If anything, it would seem to me that the former employee would have a greater entitlement to judicial review under the civil service retirement system than would his survivors.

Finally, since the *Lindahl* decision on jurisdiction is under review by the Supreme Court, I believe it is appropriate to consider the merits here in the interest of complete disposition at this time. Assuming jurisdiction, I would affirm the decision on the merits for the reasons stated in the Board's opinion.